**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **LE-VEL BRANDS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 3:18-cv-03322-K** |
| | § | |
| **QUINTESSENTIAL BIOSCIENCES, INC.** | § | |
| **D/B/A QSCIENCES, JAIME TETRAULT,** | § | |
| **MEGAN BAKER, AND NIKKI VOILES,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MOTION TO DISMISS COMPLAINT**</u>

/s/ David R. Clouston
David R. Clouston
Texas Bar No. 00787253
Leslye E. Moseley
Texas Bar No. 24044557

**SESSIONS FISHMAN NATHAN & ISRAEL, LLC**
900 Jackson Street
Suite 440
Dallas, Texas 75202
Telephone: 214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR DEFENDANTS**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................... 1

ARGUMENT AND MEMORANDUM OF LAW ...................................................... 1

    A.    Motion to Dismiss Pursuant to 12(b)(2) – Lack of Personal Jurisdiction ...................... 1

        1.    Defendants Tetrault, Baker and Voiles challenge personal jurisdiction. ........... 3

        2.    Defendant QScience challenges personal jurisdiction. .................................... 6

    B.    Motion to Dismiss Pursuant to 12(b)(3) – Improper Venue ........................................ 6

    C.    Motion to Dismiss under 12(b)(6) ............................................................................... 7

        1.    Breach of Contract (Count 1) ........................................................................... 8

        2.    Business Disparagement (Count 2) ................................................................... 8

        3.    Defamation (Count 3) ....................................................................................... 9

        4.    Tortious Interference with Contract (Count 4) ................................................. 9

        5.    Tortious Interference with Prospective Business Relations (Count 5) ............ 10

    D.    Motion to Dismiss under the Texas Anti-Slapp Act (Counts 2, 3, 4 and 5) .................. 11

        1.    The Act ............................................................................................................. 11

        2.    The Three-Step Application of the Act ........................................................... 13

        3.    The TCPA Applies to Plaintiff's Claims because they are based on Defendants' Exercise of Free Speech ............................................................. 13

        4.    The TCPA applies to Plaintiff's claims because they are based on Defendants' Right of Association. ...................................................................................... 16

CONCLUSION ........................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391 (S.D. Tex. 2011).............................................. 4

*Apple Tree Cafe Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 WL 3304641 (Tex. App.—Dallas Aug. 3, 2017), *review denied* (Jan. 5, 2018)..................................................... 12

*Ashcroft v. lqbal*, 556 U.S. 662 (2009) ..................................................................................... 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ...................................................................... 7

*Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 500 S.W.3d 26 (Tex. App.—Houston [1st Dist.] 2016 no pet.)................................................................................... 16

*Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345 (Tex. App.–Houston [1st Dist.] 2013, pet. denied) ..................................................................... 12

*Combined Law Enforcement Associations of Texas v. Sheffield*, 2014 WL 411672 (Tex. App.—Austin Jan. 31, 2014, pet denied)................................................................................. 14

*Cummins v. Lollar*, No. 4:12-CV-560-Y, 2014 WL 12585644 (N.D. Tex. July 22, 2014).......... 10

*Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191 (Tex. App.—Austin 2017, pet. dism'd) ......................................................................................................................... 14

*Ervin & Assoc., Inc. v. Cisneros,* 939 F. Supp. 793 (D. Colo. 1996) ........................................... 6

*ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895 (Tex. 2017)......................................... 14

*Fawcett v. Rogers*, 492 S.W.3d 18 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ................... 9

*Haynes v. Crenshaw,* 166 F. Supp. 3d 764 (E.D. Tex.), *report and recommendation adopted*, 166 F. Supp. 3d 773 (E.D. Tex. 2016)........................................................................................ 12

*Hurlbut v. Gulf Atl. Life Ins. Co.,* 749 S.W.2d 762 (Tex. 1987)................................................... 8

*Intl Shoe* Co. v. *Washington,* 326 U.S. 310 (1945)..................................................................... 2

*Jones v. Petty–Ray Geophysical, Geosource, Inc.,* 954 F.2d 1061, (5th Cir.), *cert. denied,* 506 U.S. 867 (1992).................................................................................................................. 3

*Kelso v. Lyford Cay Members Club Ltd.,* 162 F. App'x 361, (5th Cir. 2006) ............................... 3

*Lechuga v. S. Pac. Transp. Co*., 949 F.2d 790 (5th Cir. 1992)..................................................... 5

*Lippincott v. Whisenhunt*, 462 S.W.3d 507 (Tex. 2015)............................................................ 14

*Mbakwe v. PNC Bank, N.A.*, No. 3:17-CV-856-M-BH, 2017 WL 5956821 (N.D. Tex. Nov. 3, 2017), *report and recommendation adopted as modified*, No. 3:17-CV-856-M-BH, 2017 WL 5901000 (N.D. Tex. Nov. 30, 2017)..................................................................................... 8

*NCDR, L.L.C. v. Mauze & Bagby,* P.L.L.C. 745 F.3d 742 (5th Cir. 2014) ............................... 11

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, No. 01–12–00581–CV, 2013 WL 1867104 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet. h.) ........................................ 12

*Oblio Telecom, Inc. v. Patel*, 711 F. Supp. 2d 668 (N.D. Tex. 2008) ................................... 1, 2, 3

*Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640 (Tex. 1995) ....................................... 9

*RMH Tech LLC v. PMC Industries, Inc.,* 2018 WL 1566839 (D. Colo. 2018) ............................. 6

*Schlobohm v. Schapiro,* 784 S.W.2d 355 (Tex. 1990)................................................................... 1

*Specialties of Mex. Inc. v. Masterfoods USA*, Civ.A. L-09-88, 2010 WL 2488031 (S.D. Tex. June 14, 2010) .................................................................................................................................. 9

*Staton Holdings, Inc. v. Russell Athletic, Inc.*, 3:09-CV-0419-D, 2009 WL 4016117 (N.D. Tex. Nov. 20, 2009) ......................................................................................................................... 9

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) .................................................................... 5

*T.D. Williamson, Inc. v. Plant Services,* Inc., 06-CV-0089-CVE-PJC, 2006 WL 3085608 (N.D. Ok. 2006) ................................................................................................................................... 6

*World—Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)............................................ 2

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)........................................................................... 1

*Zhejiang Med. Co. v. Kaneka Corp.,* No. CV H-11-1052, 2012 WL 12893418 (S.D. Tex. Aug. 13, 2012) ................................................................................................................................. 10

**Statutes**

Tex. Civ. Prac. & Rem. Code § 27.001 ........................................................................... 16, 17

Tex. Civ. Prac. & Rem. Code § 27.002............................................................................ 11, 13

Tex. Civ. Prac. & Rem. Code § 27.009 .................................................................................. 12

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................... 1

Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 12(b)(6) as well as the Texas Anti-Slapp Act, Defendants Quintessential Biosciences, Inc. (QScience), Jaime Tetrault ("Tetrault"), Megan Baker ("Baker") and Nikki Voiles ("Voiles") (collectively, "Defendants") respectfully submit this motion to dismiss the Complaint as follows:

## INTRODUCTION

This is a dispute between an employer, its former independent contractors, and the former independent contractors' new employer over an alleged "nonsolicitation" agreement that Plaintiff has not, after repeated attempts, ever proved existed. Defendants move to dismiss the Complaint in its entirety pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6).

## ARGUMENT AND MEMORANDUM OF LAW

### A.   Motion to Dismiss Pursuant to 12(b)(2) – Lack of Personal Jurisdiction

Plaintiff has the burden of establishing that the court has personal jurisdiction over the defendant. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) (citing *Southwest Offset, Inc. v. Hudco Publishing Co.*, 622 F.2d 149, 152 (5th Cir. 1980) (per curiam).

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Oblio Telecom, Inc. v. Patel*, 711 F. Supp. 2d 668, 672 (N.D. Tex. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990), the court must determine whether (1) the defendants have established "minimum contacts" with the forum state; and, (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial

justice." *Id.* (citing *Ruston Gas,* 9 F.3d at 418 and *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945))).

Exercise of personal jurisdiction over nonresident defendants, general or specific, satisfies due process if defendants have certain "minimum contacts" with the forum. *Intl Shoe Co.*, 326 U.S. at 316. Defendants must have minimum contacts with Texas such that they "should reasonably anticipate being haled into court" there. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."*Oblio Telecom, Inc. v. Patel*, 711 F. Supp. 2d 668, 672–73 (N.D. Tex. 2008) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174 (1985)). The nonresident defendant's availment must be such that the defendant" should reasonably anticipate being haled into court" in the forum state. *Id.* (citing *World–Wide Volkswagen Corp.,* 444 U.S. at 297. This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" *Id.* (citing *Burger King Corp.*, 471 U.S. at 475 (citations omitted)). The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Id.* (citing *Marathon Oil Co. v. A.G. Ruhrgas,* 182 F.3d 291, 295 (5th Cir. 1999)).

Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868,

80 L.Ed.2d 404 (1984)). The exercise of general personal jurisdiction is proper when the nonresident defendant's contacts with the forum state, even if unrelated to the cause of action, are continuous, systematic, and substantial. *Id.*

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Id.* (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

1.  Defendants Tetrault, Baker and Voiles challenge personal jurisdiction.

Courts look "to the place of contractual performance to determine whether the making of a contract with a Texas resident is sufficiently purposeful to satisfy minimum contacts." *Jones v. Petty–Ray Geophysical, Geosource, Inc.,* 954 F.2d 1061, 1068 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992). And when the existence of the alleged contract is disputed, the Fifth Circuit has held no personal jurisdiction to exist. *Kelso v. Lyford Cay Members Club Ltd.,* 162 F. App'x 361, 365 (5th Cir. 2006) (Based on the dispute as to the existence of a contract, the court found no personal jurisdiction existed and granted the motion to dismiss).

The Promoter Defendants have affied that they do not have sufficient contacts with Texas to establish general jurisdiction.  [*See*, **Exhibit 1-A** – Tetrault's First Declaration, dated December 13, 2018¶ 8; **Exhibit 2-A** – Voiles's First Declaration ¶ 11; **Exhibit 3-A** – Baker's First Declaration, dated December 13, 2018 ¶ 13].

Further, the existence of an alleged agreement (which is expressly denied here), cannot confer specific jurisdiction on the Promoter Defendants. [*See*, **Exhibit 1-B**, Tetrault's Second Declaration, dated December 31, 2018, ¶ 9, 12 (denying signing, acknowledging or seeing any document containing a restrictive covenant); **Exhibit 1-C** – Tetrault's Third Declaration, dated January 8, 2019 ¶¶ 3-9 (denying the IP address referenced by Plaintiff as the IP address that agreed to the "Policies and Procedures"); **Exhibit 2-B**, Voiles's Second Declaration, dated December 31, 2018, ¶ 11, 12 (denying signing, acknowledging or seeing any document containing a restrictive covenant); **Exhibit 2-C** – Voiles Third Declaration, dated January 8, 2019, ¶¶ 3-9 (denying the IP address referenced by Plaintiff as the IP address that agreed to the "Policies and Procedures"); **Exhibit 3-B** – Baker's Second Declaration, dated December 31, 2018, ¶ 12-13 (denying signing, acknowledging or seeing any document containing a restrictive covenant); **Exhibit 3-C** – Baker's Third Declaration, dated January 8, 2019, ¶¶ 3-9 (denying the IP address referenced by Plaintiff as the IP address that agreed to the "Policies and Procedures")].

But even if the Plaintiff had established the existence of a contract "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction." *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 395 (S.D. Tex. 2011) (citing *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 778 (5th Cir. 1986)). The Fifth Circuit "has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the

exercise of specific personal jurisdiction over the nonresident defendant." *Id.* (citing *Freudensprung v. Offshore Technical Services, Inc.,* 379 F.3d 327, 344 (5th Cir. 2004)).

The Fifth Circuit held that personal jurisdiction was lacking where the nonresident defendant entered into contracts with Texas residents, shipped products to Texas, was a party to a contract that was to be governed by the laws of Texas, and marketed his product in Texas. *Stuart v. Spademan,* 772 F.2d 1185, 1192–94 (5th Cir. 1985). The Fifth Circuit found that the nonresident did not intend to avail himself to the privileges of doing business in Texas, and therefore, specific jurisdiction was lacking. *Id.*

Here, Plaintiff failed to plead a basis for personal jurisdiction over the "Promoter Defendants." Plaintiff admits that the Promoter Defendants reside in Indiana, Oklahoma and Tennessee. [Petition ¶ 5-7] Plaintiff claimed only that the Promoter Defendants "consented to be subject to the personal jurisdiction of the state and federal courts within Dallas, Texas when they agreed to the terms of the Promoter Agreement … ." [Petition ¶ 9]. However, as discussed below, Plaintiff failed to attach any indication that the Promoter Defendants actually agreed to the Promoter Agreement. The Promoter Agreement attached does not contain signatures, a space for signatures or any indication that the Promoter Defendants either saw or agreed to such a document. The only evidence of any agreement is the conclusory statement in the affidavit of the Plaintiff which states that the Promoter Defendants "affirmatively agreed to the terms of the Promoter Agreement." [Petition ¶ 14 (Tetrault); ¶ 18 (Voiles); and ¶ 22 (Baker)]. Conclusory self-serving statements in an affidavit are not evidence. *See Lechuga v. S. Pac. Transp. Co.,* 949 F.2d 790, 798 (5th Cir. 1992).

2.   Defendant QScience challenges personal jurisdiction.

Plaintiff's allegations of personal jurisdiction over QScience merely include that "QScience purposefully availed itself of the privileges and benefits of conducting business in Texas by selling its products and holding seminars in Texas, including a QLYFE event in Houston, Texas on November 29, 2018." [Petition ¶ 10]. Plaintiff did not allege any additional facts to suggest there is a nexus between QScience and Texas. Plaintiff concedes that QScience is a Utah corporation. [Petition ¶ 4].

Thus, there is no basis for the Court to exercise general or specific jurisdiction over QScience and doing so would violate due process. *See, e.g., T.D. Williamson, Inc. v. Plant Services,* Inc., 06-CV-0089-CVE-PJC, 2006 WL 3085608, *6-7 (N.D. Ok. 2006) (declining to exercise jurisdiction over Montana entity that allegedly used trade secrets to injure plaintiff in Oklahoma but had little to no contact with Oklahoma).

B.   **Motion to Dismiss Pursuant to 12(b)(3) – Improper Venue**

"Once venue is attacked, the plaintiff bears the burden to show proper venue." *Ervin & Assoc., Inc. v. Cisneros,* 939 F. Supp. 793, 796 (D. Colo. 1996) (citation omitted). Courts may consider facts outside the pleadings on a venue challenge. *RMH Tech LLC v. PMC Industries, Inc.,* 2018 WL 1566839, *2 (D. Colo. 2018).

Plaintiff has not met its burden. Plaintiff merely asserts that venue is proper "in that a substantial part of the events or omissions giving rise to the claims occurred in Dallas County." [Petition ¶ 11]. Plaintiff's only other assertion of proper venue is that the "Promoter Agreement provides Dallas County, Texas is the venue." *Id.*

As already stated, Plaintiff relies on the illusion that the Promoter Agreement is a contract between it and the Promoter Defendants. Promoter Defendants deny such claim and

Plaintiff has not brought forth evidence of any meeting of the minds. Thus, Defendants turn to the claim that the "events or omissions occurred in Dallas County" allegation. However, that simply is not true. The Promoter Defendants all live in other states. Their performance occurred in those states. QScience is a Utah Company. There has been no allegation that any of the alleged acts complained of occurred in Dallas County or even in Texas.

Plaintiff asserts breach of contract claim and defamation-type tort claims. Plaintiff makes no allegation of "substantial events" material to its claims occurring in Texas. Plaintiff alleges only, without any detail, that is "suffered, and continues to suffer, injury, loss, harm or damage." [Petition ¶ 34 (Breach of Contract); ¶ 39 (Business Disparagement)]. Plaintiff failed to claim where the harm or injury occurred. But even if it had, harm alone is not enough to establish venue. As discussed in the jurisdiction analysis, Plaintiff fails to plead specific alleged misconduct by Defendants or substantial events in Texas material to Plaintiff's claims. The mere existence of a contract (which Promoter Defendants deny) between a defendant and an entity with its place of business in the forum is insufficient.

## C.    Motion to Dismiss under 12(b)(6)

A Rule 12(b)(6) motion tests "the sufficiency of the allegations within the four corners of the complaint." A complaint must plead facts to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When the allegations do not raise a claim of entitlement to relief, this should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Twombly,* 550 U.S. at 558.

While a court must accept the well-pleaded allegations of the complaint as true, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). "[L]abels, conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Rather, a plaintiff must "plead[ ] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

    1.    <u>Breach of Contract (Count 1)</u>

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) breach of the contract by the defendant; (3) performance or tendered performance by the plaintiff; and (4) damages sustained by the plaintiff as a result of the defendant's breach. *Mbakwe v. PNC Bank, N.A.*, No. 3:17-CV-856-M-BH, 2017 WL 5956821, at *2 (N.D. Tex. Nov. 3, 2017), *report and recommendation adopted as modified*, No. 3:17-CV-856-M-BH, 2017 WL 5901000 (N.D. Tex. Nov. 30, 2017) (citing *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.–Houston [14th Dist.] 2005, pet. denied)).

The "existence of a contract" element is insufficiently pled in the Petition.

    2.  <u>Business Disparagement (Count 2)</u>

The elements of a business disparagement claim in Texas are (1) publication of disparaging words by the defendant, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages. *Hurlbut v. Gulf Atl. Life Ins. Co.,* 749 S.W.2d 762, 766 (Tex. 1987).

Thus, referring just to the known elements under Texas law, the Plaintiff has not sufficiently pled publication, falsity, malice, lack of privilege or any special damages.

3.      Defamation (Count 3)

Under Texas law, in a suit by a private person against a non-media defendant, the elements for a defamation claim are (1) the publication of a statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *Fawcett v. Rogers*, 492 S.W.3d 18, 25 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *See In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (identifying elements, but including burden of proving statement is false)); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (holding, for private-individual plaintiff against a non-media defendant, falsity of statement is generally presumed and truth of statement is affirmative defense).

Plaintiff insufficiently malice, fault and damages.

4.   Tortious Interference with Contract (Count 4)

A      plaintiff    must    establish    the    following elements to    succeed    on a tortious interference with contract claim:  (1)  the  existence  of  a  contract  subject  to interference, (2) willful and intentional interference, (3) that proximately causes damage, and (4) actual damage or loss. *Specialties of Mex. Inc. v. Masterfoods USA,* Civ.A. L-09-88, 2010 WL 2488031, at *9 (S.D. Tex. June 14, 2010) (citing *All Am. Tel., Inc. v. USLD Commc'ns, Inc.,* 291 S.W.3d 518, 531 (Tex. App.—Fort Worth 2009, pet. denied)).

 The "existence  of  a  contract"  as  well  as  "willful  and  intentional  interference" "proximate cause" and "damages" elements are all insufficiently pled in the Petition.

Further, Plaintiff failed to plead facts sufficient to identify a single customer or promoter that any of the defendants "interfered" with.  *Staton Holdings, Inc. v. Russell Athletic, Inc.*, 3:09-CV-0419-D, 2009 WL 4016117 at *5 (N.D. Tex. Nov. 20, 2009);

*Zhejiang Med. Co. v. Kaneka Corp.,* No. CV H-11-1052, 2012 WL 12893418, at \*5 (S.D. Tex. Aug. 13, 2012).

In *Staton Holdings, Inc.*, the Northern District of Texas dismissed the plaintiff's claim for tortious interference with contract because "Staton [the plaintiff] must plead facts that identify a specific customer with whom it had a specific contract with which Rusell [the defendant] interfered." 2009 WL 4016117 at \*5.

Here, Plaintiff, like the plaintiff in *Staton Holdings* and *Zhejiang Med. Co.,* failed to plead facts that identify a specific customer with whom it had a specific contract with which any of the Defendants interfered. Plaintiff has failed to allege facts sufficient to establish that a contract subject to interference exists, and has therefore failed to state a claim for tortious interference with contract. *Id.* (granting motion to dismiss).

5.   Tortious Interference with Prospective Business Relations (Count 5)

The elements of tortious interference with prospective business relations  are:  (1)  a reasonable probability that the plaintiff would have entered into a business relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference. *Cummins v. Lollar*, No. 4:12-CV-560-Y, 2014 WL 12585644, at \*2–3 (N.D. Tex. July 22, 2014) (citing *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (citing *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 414-15 (Tex. App.—Waco 2001, pet. denied)).

Plaintiff failed to establish the element that "a reasonable probability that the plaintiff would have entered into a business relationship." Plaintiff merely makes bare and conclusory allegation that it would have "continued to enter into business relationships with numerous third parties." [Petition ¶ 50] Bare and conclusory allegations do not establish the above elements and are, therefore, insufficient to state a claim for tortious interference with prospective business relations. *Cummins*, 2014 WL 12585644, at *3 (granting motion to dismiss claims against Defendant with prejudice).

**D.**     **Motion to Dismiss under the Texas Anti-Slapp Act (Counts 2, 3, 4 and 5)**

Plaintiff's counts 2 (Business Disparagement) and 3 (Defamation) against Qscience as well as counts 4 (Tortious Interference with Contract) and 5 (Tortious Interference with Prospective Business Relations) against all Defendants should be dismissed pursuant to the Texas Anti-Slapp Act.

1.     The Act

The Act is intended to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law . . . ." Tex. Civ. Prac. & Rem. Code § 27.002.  The Act allows the Court to dismiss a legal action that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association . . . ." *Id.* (citing 27.003(a)). The Act is enforceable in a federal court sitting in diversity jurisdiction.  *See also NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742 (5th Cir. 2014) (considering appeal of district court ruling on motion under the Act filed by defendant P.L.L.C.).

The Act applies to various "defamation-related claims" such as defamation, business disparagement, and tortious interference claims. *Newspaper Holdings, Inc. v. Crazy Hotel*

*Assisted Living, Ltd.,* No. 01–12–00581–CV, 2013 WL 1867104, at *7 (Tex. App.—Houston [1st Dist.] May 2, 2013, no pet. h.) (applying TCPA to claims for defamation, business disparagement, and tortious interference with contract). "In deciding whether a claim "relates to" a defendant's rights of free speech, application of the TCPA is not limited to a plaintiff's defamation claims, but other civil claims based on that defamation, including tortious interference and civil conspiracy." *Haynes v. Crenshaw,* 166 F. Supp. 3d 764, 769 (E.D. Tex.), *report and recommendation adopted*, 166 F. Supp. 3d 773 (E.D. Tex. 2016) (citing *In re Lipsky,* 411 S.W.3d 530, 550 (Tex. App.–Fort Worth 2013), *aff'd* 460 S.W.3d 579 (Tex. 2015)) (holding that because the object of the alleged conspiracy was to defame plaintiff, the conspiracy claim related to defendant's right to free speech under the TCPA); *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.,* 441 S.W.3d 345, 354 (Tex. App.–Houston [1st Dist.] 2013, pet. denied) (applying TCPA to both defamation and related tortious interference claim)).

Whether a defendant's statement were true or false, defamatory or not, has no bearing on a court's determination of whether the statements constitute an exercise of a constitutionally protected right. *Apple Tree Cafe Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 WL 3304641, at *3 (Tex. App.—Dallas Aug. 3, 2017), *review denied* (Jan. 5, 2018) (citing *Cruz v. Van Sickle*, 452 S.W.3d 503, 515 (Tex. App.–Dallas 2014, pet. denied)).

Discovery on the legal action is stayed pending a court's ruling on the motion. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 27.003(c)). A prevailing movant under the Act must be awarded court costs, reasonable attorney fees, and other expenses along with sanctions, in an amount the Court determines is sufficient to deter that party from bringing similar claims. TEX. CIV. PRAC. & REM. CODE § 27.009(a).

### 2.   The Three-Step Application of the Act

The first step in applying the Act is for the movant to establish that the action is based on his right to petition, right of free speech, or right of association. The Court must dismiss the legal action if the defendant as the movant shows by a preponderance of the evidence that the action is based on his right to petition, right of free speech, or right of association.   TEX. CIV. PRAC. & REM. CODE § 27.002(b).   Under the TCPA, the "exercise of the right of free speech" means "a communication made in connection with a matter of public concern." *Haynes,* 166 F. Supp. 3d at 769 (citing Tex. Civ. Prac. & Rem. Code § 27.001(3) (West 2015)).   A "matter of public concern includes an issue related to: (A) health or safety; (B) environmental, economic, or community well-being; (C) the government; (D) a public official or public figure; or (E) a good product or service in the marketplace." *Id.* (citing § 27.001(7)).

Once the defendant makes a showing that the Act applies, the burden then shifts to the plaintiff to establish by clear and specific evidence a prima facie case for each essential element of the claim. *Id.;* TEX. CIV. PRAC. & REM. CODE § 27.002(c).

Assuming that (1) the defendant established that the action is based on his "right to petition, right of free speech, or right of association" and (2) the plaintiff is then able to establish its prima facia case through clear and specific evidence,  the Court must still dismiss the claim if (3) Defendant establishes by a preponderance of the evidence each element of a valid defense to the claim. TEX. CIV. PRAC. & REM. CODE § 27.002(d).

### 3.   The TCPA Applies to Plaintiff's Claims because they are based on Defendants' Exercise of Free Speech

At its core, this lawsuit is an attempt by Le-Vel to prohibit QScience from communicating with potential promoters about business opportunities and related products, and to stifle QScience's business strategy.

The Texas Supreme Court has broadly interpreted the scope of the TCPA to apply to communications involving a public subject, regardless of whether the communication was made in a public forum. As such, it has held that the TCPA applies to private communications made in connection with a matter of public concern. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509-10 (Tex. 2015); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017). What the TCPA requires is "only that the defendant's statements are in connection with issues related to health, safety, environmental, economic, and other identified matter of public concern chosen by the Legislature." *Id.* at 899.

For example, statements, although private and made among employees, relate to a matter of public concern if they concern an issue that affects services in the marketplace. *See id*. This is true even if the statements are themselves seemingly trivial, as in *Coleman*, where the statements at issued concerned whether an employee checked a fluid gauge on a storage tank. In that case, the communications were related to a matter of public concern because they pertained to environmental, health, safety, and economic risks. *Id*. at 900; *see also Lippincott*, 462 S.W.3d at 510.

The Austin Court of Appeals has recognized that communications among an organization's members to promote the organization's purpose were covered by the Act. *Combined Law Enforcement Associations of Texas v. Sheffield*, 2014 WL 411672, at *5 (Tex. App.—Austin Jan. 31, 2014, pet denied) (mem. op.). Likewise, the court in *Elite* found that communications in furtherance of the defendant's business are within the TCPA. *Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 205 (Tex. App.—Austin 2017, pet. dism'd).

Similar to the plaintiff in *Elite*, Le-Vel complains about communications by Defendants made in furtherance of QScience's common enterprise. *See id*. In fact, in this case, Plaintiff's

claims are more troubling than those of the plaintiff in *Elite*, because Plaintiff's claims are based, in part, on both the Defendants' alleged internal communications, as well as its alleged external communications with prospective promoters. Finally, unlike the Plaintiffs in *Elite*, who attempted to narrowly tailor the requested injunction to the use of trade secrets, Plaintiff seeks an absolute injunction that would restrict all competition and solicitation by QScience.

QScience's statements about (a) it's products; (b) Plaintiff's business; and (c) prospective independent contractor agreements to promote products to consumers with QScience are statements relating to community well-being and a good, product, or service in the marketplace. *See, e.g., Lippincott*, 462 S.W.3d at 508 (communications about a private employment matter in the context of providing medical services related to health and safety); *Coleman*, 512 S.W.3d at 900 (applying the TCPA in the context of private business to an internal statement about an employee's failure to check the fluid gauge on a storage tank). QScience's speech involved at least one matter of public concern.

Plaintiff's defamation-type of claims are based on the following statements allegedly made by an (unidentified) Defendant:

- "I'm going to warn you, there's going to be an onslaught of people from Le-Vel coming to Q";

- "Everyone is leaving Le-Vel";

- "You should hear the things they are saying about Le-Vel";

- "You better leave now before your entire team is gone and above you";

- "People in LeVel (sic) just aren't happy";

- "Some of your leaders in level (sic) are making huge mistakes and burning bridges";

- "One leader in level (sic) is literally driving her team to me daily and I don't even know her".

[Petition ¶ 26]

These statements are all statements made in the exercise of free speech about a matter of public concern concerning a "good, product or service in the marketplace" and are protected from suit under the Texas Anti-Slapp Act.  Plaintiff's lawsuit strikes directly to the heart of Defendants' right of free speech and should be dismissed with prejudice unless Plaintiff presents prima facia evidence of every element of every claim. *See Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016 no pet.) (dismissal under the TCPA is a dismissal with prejudice, a final determination on the merits for res judicata purposes). Plaintiff cannot meet that standard.

   4.   <u>The TCPA applies to Plaintiff's claims because they are based on Defendants'
        Right of Association.</u>

The TCPA applies to any legal action that "is based on, relates to, or is in response to a party's exercise of the right of free speech ... or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). Under the TCPA, the right of association means communicating about a common interest. *Id*. TEX. CIV. PRAC. & REM. CODE § 27.001(2). More specifically, the exercise of the right of association is broadly defined in the statute:

> 'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests.

The term "common interests" is not defined in the TCPA and must be understood according to its plain meaning. *See Coleman*, 512 S.W.3d at 899. In effectuating the purpose of the Act, the Court in *Sheffield* recognized that the Act applied to a broad range of organizational communications and found that communications among an organization's members to promote the organization's purpose were covered by the Act. *Combined Enforcement Associations of Texas v. Sheffield*, No. 03-13-00105-CV, 2014 WL 411672, at *5 (Tex. App.—Austin Jan. 21,

2014). Likewise, the Court in *Elite* found that communications in furtherance of the defendant's business enterprise satisfy the elements of the "exercise of the right of association" as they relate to communications to promote a common interest. *Elite Auto Body LLC*, 520 S.W.3d at 205.

A suit against a defendant for posting purportedly defamatory messages on social media, including Facebook, is also considered an attack on the defendant's right of association. *Apple Tree Cafe Touring, Inc.*, 2017 WL 3304641, at *3 (citing *Backes v. Misko*, 486 S.W.3d 7, 20 (Tex. App.–Dallas 2015, pet. denied) (granting Anti-Slapp Motion to Dismiss under right of association). Individuals have the right to associate with each other on social media, particularly when it involves a common interest. *Id.* (citing *Backes v. Misko*, 486 S.W.3d at 27). Here, the common interest of those associated with each other is about a common interest in a former employer. The discussions about Plaintiff fall under the "right of association" as they are communications between individuals who join together to collectively express, promote, pursue, or defend common interests in Le-Vel. *See Apple Tree Cafe Touring, Inc.*, 2017 WL 3304641, at * 3; *Backes v. Misko*, 486 S.W.3d at 20 (holding that social media posts involved issues of common concern and interest"); TEX. CIV. PRAC. & REM. § 27.001(2).

Thus, the "exercise of the right of association" under the TCPA, certainly includes the Defendants communicating with each other, including promoters, about QScience and Plaintiff's respective businesses and products. Plaintiff's allegations all relate to Defendants' right to associate with other prospective QScience promoters (as well as its rights to free speech). As a result, Plaintiff's claims trigger TCPA protection of Defendants' exercise of the right of association.

Further, in its Complaint, Plaintiff has summarily concluded that the alleged communications were made to defame it without so much as identifying who made the allegedly defamatory statements or when.

## CONCLUSION

Whether it be subject matter jurisdiction, personal jurisdiction, proper venue, insufficient statements of claim, or right of association/free speech concerns, this Court has multiple independent bases for dismissal available.  For the foregoing reasons, the Defendants' Motion to Dismiss should be granted, all of Plaintiff's claims for relief should be dismissed with prejudice and Defendants should be awarded their reasonable attorneys' fees and costs in maintaining the present motion and whatever further and other relief this Court deems just and proper.

Respectfully submitted,

/s/ David R. Clouston
David R. Clouston, Texas Bar No. 00787253
Leslye E. Moseley, Texas Bar No. 24044557

**SESSIONS FISHMAN NATHAN & ISRAEL**
900 Jackson Street, Suite 440
Dallas, Texas 75202
Telephone:  214-741-3001
Facsimile: 214-741-3055
dclouston@sessions.legal
lmoseley@sessions.legal

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 25th day of February, 2019, that a true and correct copy of the foregoing was sent via electronic mail to the following counsel of record:

    Kevin T. Schutte
    kschutte@sbbolaw.com
    Shapiro Beiging Barber Otteson LLP
    5400 LBJ Freeway, Suite 930
    Dallas, Texas 75240

                /s/ Leslye E. Moseley
                Leslye E. Moseley