IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LE-VEL BRANDS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:18-CV-3322-K |
| QUINTESSENTIAL BIOSCIENCES, INC. d/b/a QSCIENCES, JAIME TETRAULT, MEGAN BAKER, and NIKKI VOILES, | § § § § § | |
| Defendants. | § § | |

# **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Complaint (the "Motion") (Doc. No. 47) and Defendants' Evidentiary Objections to Declaration of Christopher Schmidt and Motion to Strike (the "Motion to Strike") (Doc. No. 54). Because the Court finds that the challenged statements relevant to the Court's decision on the Motion are not hearsay or conclusory, the Court **DENIES** the Motion to Strike. After considering the Motion, response, reply, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. Because Plaintiff Le-Vel Brands, LLC cannot establish that this Court has personal jurisdiction over Defendant Quintessential Biosciences, Inc. either on the basis of general or specific jurisdiction, the Court **GRANTS** the Motion to dismiss as it relates to Defendant Quintessential Biosciences, Inc. Because the Court does have specific personal jurisdiction over

1

Defendants Jaime Tetrault, Megan Baker, and Nikki Voiles, the Court **DENIES** the Motion to dismiss as to these defendants on the basis of lack of personal jurisdiction. Because Plaintiff Le-Vel Brands, LLC alleges plausible claims and venue is not inappropriate as to Defendants Jaime Tetrault, Megan Baker, and Nikki Voiles, the Court **DENIES** the Motion to dismiss as to these defendants on the bases of failure to state a claim and improper venue. Finally, because the Texas Citizens Participation Act ("TCPA") is either procedural in nature, or at least directly conflicts with the Federal Rules of Civil Procedure, the Court **DENIES** the Motion to dismiss to the extent it relies upon the TCPA.

I.  Factual and Procedural Background

The parties dispute many of the facts at this early stage of litigation, but the Court provides a brief summary of the relevant facts for purposes of this Order. Plaintiff Le-Vel Brands, LLC ("Le-Vel") and Defendant Quintessential Biosciences, Inc. ("QSciences") are both companies that sell health and wellness products. Both companies operate through the process of direct sales, meaning that representatives for each company advertise and sell products directly to customers, primarily through the use of social media. A representative earns a commission on sales that he or she makes for the company.

Representatives for these companies also make commissions on sales made by other representatives of their "teams": Representatives may recruit other people to

2

join the company, and when these newly recruited representatives make their own sales, the representatives who recruited them earn a certain commission on these sales as well.

Le-Vel refers to their representatives as "Promoters." Defendants Jaime Tetrault ("Tetrault"), Megan Baker ("Baker"), and Nikki Voiles ("Voiles") (collectively, the "Promoter Defendants," and, collectively with QSciences, the "Defendants") are all former Promoters for Le-Vel. While working for Le-Vel, the Promoter Defendants made sizeable commissions through their own sales and the sales of their teams. Each of the Promoter Defendants worked for Le-Vel until either September or November 2018, at which time each Promoter Defendant left Le-Vel and joined QSciences.

Le-Vel alleges claims in their state-court petition for (1) breach of contract, (2) business disparagement, (3) defamation, (4) tortious interference with existing contracts, and (5) tortious interference with prospective business relations. Regarding Le-Vel's breach-of-contract claims, Le-Vel alleges that each Promoter Defendant entered into a contract with Le-Vel (the "Promoter Agreement") as a precondition to employment with Le-Vel. The Promoter Agreement contains a non-solicitation provision that restricts a contracting Promoter from soliciting other Promoters or customers away from Le-Vel for a period of one year after the termination of the Promoter's employment at Le-Vel. Le-Vel alleges that the

Promoter Defendants violated the Promoter Agreement by (1) soliciting other Promoters at Le-Vel to join QSciences and (2) causing Le-Vel customers to divert their business to QSciences. Also relevant to this Order is Section 8.15 of the Promoter Agreement, which states that Promoters submit to the personal jurisdiction of state and federal courts in Dallas, Texas and that it is a material breach to initiate a suit in another venue.

Le-Vel brought this case against the Defendants on December 3, 2018 in state court. The state court granted Le-Vel's application for a temporary restraining order ("TRO") on December 4, 2018. On December 17, 2018, one day before the expiration of the TRO, the Defendants removed the case to this Court. Le-Vel moved to extend the state-court TRO, and this Court granted the extension of the TRO. On January 8, 2019, the Court held a hearing on whether a preliminary injunction should issue against the Defendants. On January 18, 2019, the Court entered an agreed preliminary injunction in this case. The Defendants filed their Motion to Dismiss Complaint on February 25, 2019, and, having received a response and reply to the Motion, it is now ripe for this Court's consideration.

II.   **Applicable Law**

When a defendant challenges whether a district court has personal jurisdiction over him or her, "[t]he plaintiff has the burden to . . . show[] that personal jurisdiction is proper." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014) (citing

*Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006)). "[I]f . . . the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 (5th Cir. 2016) (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323–24 (5th Cir. 2001)). A plaintiff does not have to establish personal jurisdiction by a preponderance of evidence when the Court does not hold an evidentiary hearing. *Bonner v. Triple–S Mgmt. Corp.*, 661 F. App'x 820, 821–22 (5th Cir. 2016). "[The Court] must accept the plaintiff's uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Monkton Ins. Servs.*, 768 F.3d at 431 (quoting *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002)). Although the Court must accept a plaintiff's jurisdictional allegations as true, the Court "may consider the contents of the record at the time of the motion," and acceptance of a plaintiff's jurisdictional allegations does not necessarily mean that the plaintiff has established a *prima facie* case for personal jurisdiction. *Hazim*, 647 F. App'x at 457–58 (quoting *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006)).

In considering whether the court has personal jurisdiction over a nonresident defendant, the court must consider: (1) whether the long-arm statute of the state in

which it sits confers personal jurisdiction over the defendant; and, if so, (2) whether the exercise of personal jurisdiction is consistent with due process under the United State Constitution. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). The Supreme Court of Texas has interpreted the state's long-arm statute "to reach as far as the federal constitution permits." *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Therefore, this Court need only address whether the exercise of personal jurisdiction over the nonresident defendant would be consistent with the Due Process Clause of the Fourteenth Amendment. *Mink*, 190 F.3d at 335–36.

"To establish that personal jurisdiction is proper, the plaintiff must show that the nonresident defendant 'purposefully availed [itself] of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state.'" *Monkton Ins. Servs.*, 768 F.3d at 431 (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). "[M]aintenance of the suit [must] not offend traditional notions of fair play and substantial justice" as well. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 212 (5th Cir. 2016) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 113 (1987) (describing the factors a court considers in analyzing whether exercising jurisdiction over the defendant complies with "traditional notions of fair play and substantial justice" (quoting *Int'l Shoe*, 326 U.S. at 316)).

"Sufficient minimum contacts will give rise to either specific or general jurisdiction." *Monkton Ins. Servs.*, 768 F.3d at 431 (quoting *Revell*, 317 F.3d at 470). Specific jurisdiction over a defendant exists when the defendant has "singular or sporadic" contacts with the forum state, but "only if the cause of action asserted arises out of or is related to those contacts." *Int'l Energy*, 818 F.3d at 212 (emphasis omitted). On the other hand, a court has general jurisdiction over a defendant, allowing a plaintiff to bring all claims the plaintiff may have against that defendant, when the defendant's "affiliation with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Id.* at 137. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 924. The state of incorporation and the state in which a corporation has its principal place of business are two forums in which the Supreme Court has held a corporation is "at home." *Daimler*, 571 U.S. at 137. These locations are not the only states in which general jurisdiction may exist, but they typify the forums in which a corporation would be "at home." *Id.* at 137–39. The Fifth Circuit has interpreted *Daimler* and *Goodyear* to mean that "[i]t is . . . incredibly

7

difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs.*, 768 F.3d at 432.

### III. Analysis

The Court first addresses the Defendants' evidentiary objections in their Motion to Strike. The Court then turns to the Defendants' arguments as to why this Court does not have personal jurisdiction over QSciences. Next, the Court addresses the personal jurisdiction argument concerning the Promoter Defendants. Finally, the Court addresses the Defendants' venue, 12(b)(6), and TCPA bases for dismissal.

#### A. The Defendants' Evidentiary Objections.

In their Motion to Strike, the Defendants object to a list of statements from the Declaration of Christopher Schmidt. The Defendants request that the Court disregard the challenged statements in considering the Motion because the statements are either hearsay or conclusory. Beyond asserting in a conclusory fashion that these challenged statements are hearsay or conclusory, the Defendants offer no further explanation as to why they are hearsay or conclusory. Upon its own review of the statements to which Defendants object on hearsay grounds, the Court finds that the statements are not hearsay. *See* FED. R. EVID. 801(c), (d)(2). As to the statements the Defendants challenge as conclusory, the Court finds that these statements are within the personal knowledge of Christopher Schmidt and are otherwise not conclusory. The Court therefore **DENIES** the Motion to Strike.

## B. The Court Lacks Personal Jurisdiction over QSciences.

In its petition, Le-Vel alleges that "[t]his Court has personal jurisdiction over QSciences . . . because QSciences purposefully availed itself of the privileges and benefits of conducting business in Texas by selling its products and holding seminars in Texas, including a QLYFE event in Houston, Texas on November 29, 2018." These contacts with Texas, and any other referenced contacts with Texas, do not provide the basis for this Court to have specific or general jurisdiction over QSciences because these contacts do not relate to Le-Vel's claims against QSciences and do not suggest that QSciences is "at home" in Texas.

Le-Vel's arguments in its response address only the theory that this Court has general jurisdiction over QSciences, so the Court only briefly analyzes why it does not have specific jurisdiction over QSciences. Le-Vel's claims against QSciences are for business disparagement, defamation, tortious interference with existing contracts, and tortious interference with prospective business relations. These four claims stem from the conduct of both QSciences and the Promoter Defendants at the time of the Promoter Defendants' resignations from Le-Vel and the immediate aftermath when they joined QSciences. The "contacts" that Le-Vel alleges serve as the basis for this Court's jurisdiction are: (1) QSciences' sale of products in Texas and (2) QSciences' seminars in Texas, including a QLYFE event in Houston on November 29, 2018. Specific personal jurisdiction only exists "if the cause of action asserted arises out of

or is related to [the singular or sporadic] contacts" in the forum state. *Int'l Energy*, 818 F.3d at 212 (emphasis omitted). QSciences' sales of products and seminars in Texas do not relate to Le-Vel's asserted claims against QSciences. *See id.* at 213 (explaining that the defendant's different business operations in Texas were "contacts . . . not related to [the] action"). This Court therefore does not have personal jurisdiction over QSciences under a theory of specific jurisdiction.

Turning to the theory of general jurisdiction, Le-Vel argues that QSciences' extensive operations in Texas should serve as the basis for this Court's jurisdiction over it. Le-Vel emphasizes the nature of QSciences' business: a cloud-based, multi-level-marketing business that, by nature of its entirely internet-based operations, is frequently interacting with customers in Texas or recruiting potential Promoters in Texas. In other words, Le-Vel argues QSciences is subject to the personal jurisdiction of this Court because QSciences is "doing business in Texas."

QSciences is incorporated in Delaware and has its principal place of business in Utah. (Doc. No. 1). Under *Daimler*, QSciences would be subject to the general jurisdiction of courts in Delaware and Utah. *Daimler*, 571 U.S. at 137. Although the Supreme Court held in *Daimler* that the state of incorporation and state in which a corporation has its principal place of business are not the *only* states where general jurisdiction exists, the Supreme Court "types those places paradigm all-purpose forums." *Id.* A corporation may be "at home" in other states; however, the Supreme

Court made a point of disavowing the theory that a corporation is at home "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Id.* at 137–38 (holding that such a "formulation" of general jurisdiction "is unacceptably grasping"). This "continuous and systematic" language for personal jurisdiction stems from discussion in caselaw concerning *specific* jurisdiction, not general jurisdiction. *Id.* at 138. The Supreme Court clarified that general jurisdiction for a corporation may exist in a forum for which the "corporation's 'affiliations with the State are *so* "continuous and systematic" as to render [it] essentially at home in the forum State.'" *Id.* at 139 (alteration in original) (emphasis added) (quoting *Goodyear*, 564 U.S. at 919). The Supreme Court refused to adopt an interpretation of general jurisdiction that might allow a plaintiff to subject a large, nationwide business to the courts of every state for *any* claim solely because that business has a sizable presence in all fifty states. *See id.* ("If [the defendant's] California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which [the defendant's subsidiary's] sales are sizable."). As mentioned previously in this Order, the Fifth Circuit has interpreted *Daimler* and *Goodyear* to mean that "[i]t is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs.*, 768 F.3d at 432.

In light of the Supreme Court's discussion of general jurisdiction in *Daimler* and *Goodyear*, Le-Vel fails to make a *prima facie* showing that QSciences is subject to this Court's general jurisdiction. Le-Vel only explains how QSciences "has systematically and continuously sought a benefit and advantage from doing business in Texas and being protected by the laws of Texas"; Le-Vel fails to explain how QSciences' activities are *so* systematic and continuous as to render QSciences "at home" in Texas. *See Daimler*, 571 U.S. at 139. If Le-Vel's claims against QSciences related to QSciences' operations in Texas, then personal jurisdiction would exist under a theory of specific jurisdiction, but on a theory of general jurisdiction, this Court is unpersuaded by Le-Vel's discussion of QSciences' "singular or sporadic" contacts with Texas that general jurisdiction exists in Texas over QSciences. (Furthermore, the Court finds the caselaw that Le-Vel cites unavailing for the proposition that, "[i]n light of the *Daimler* holding," Texas courts have found businesses that operate like QSciences subject to general jurisdiction in Texas, as all but one of the cases Le-Vel cites predate *Daimler*.) Because Le-Vel's claims are unrelated to QSciences' contacts in Texas, and because QSciences is not "at home" in Texas, the Court **GRANTS** the Motion as to QSciences for lack of personal jurisdiction.

## C. The Court Has Personal Jurisdiction over the Promoter Defendants.

Much of the Defendants' argument for why this Court does not have personal jurisdiction over the Promoter Defendants relates to the disputed existence of contracts between Le-Vel and the Promoter Defendants. Because the Court has denied the Motion to Strike, and the burden on Le-Vel to establish personal jurisdiction over the Promoter Defendants is only to make a *prima facie* showing, much of the Defendants' arguments are irrelevant at this procedural posture. *See Hazim*, 647 F. App'x at 457 ("[I]f . . . the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction."); *see also Int'l Energy*, 818 F.3d at 211 ("We must accept the plaintiff's uncontroverted allegations, and resolve in [the plaintiff's] favor all conflicts between the facts contained in the parties' affidavits and other documentation." (quoting *Monkton Ins. Servs.*, 768 F.3d at 431)).

Turning to the Defendants' argument that this Court would still lack personal jurisdiction despite the existence of the alleged contracts between Le-Vel and the Promoter Defendants, the Court finds the terms of the Promoter Agreement dispositive. The Promoter Agreement provides that the Promoter Defendants submit to the personal jurisdiction of the state and federal courts within Dallas, Texas. Because personal jurisdiction is a waivable right, contractual provisions such as the one in the Promoter Agreement are effective. *See ECI Software Sols., Inc. v. Sheridan*,

Civ. Action No. 3:18-CV-0511-N, 2018 WL 6523302, at *2–*3 (N.D. Tex. Dec. 11, 2018) (Godbey, J.). Le-Vel is correct to argue that the mere "existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). However, that holding regarding the relation of contracts to the minimum contacts necessary for specific personal jurisdiction is inapposite in cases where the contract has a forum selection clause or an explicit waiver of personal-jurisdiction objections. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). Because Le-Vel's burden in the instant case is only to make a *prima facie* showing of personal jurisdiction over the Promoter Defendants, and Le-Vel has done so through referencing the Promoter Agreement, the Court **DENIES** the Motion to dismiss the Promoter Defendants for lack of personal jurisdiction.

**D. The Defendants' 12(b)(3), 12(b)(6), and TCPA Bases for Dismissal.**

The Court briefly turns to the Defendants' three other grounds for dismissal: improper venue, failure to state a claim, and the Texas Citizens Participation Act ("TCPA").

For reasons similar to the reasons enumerated in the Court's discussion concerning its personal jurisdiction over the Promoter Defendants, the Court denies the Defendants' Motion on the basis of improper venue. Because at this current

procedural posture Le-Vel has properly pleaded the existence of the Promoter Agreements with the Promoter Defendants, and the Promoter Agreements provide that the federal court within Dallas, Texas is a proper venue, the Court **DENIES** the Motion to dismiss for improper venue. *See Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013) (Lynn, J.) ("Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim. The Court must accept as true all of the allegations in Plaintiffs [sic] complaint and resolve all factual conflicts in Plaintiff's favor." (footnote omitted) (citation omitted)); *see also Huawei Techs. Co., Ltd. v. Huang*, Civ. Action No. 4:17-CV-00893, 2018 WL 1964180, at *7–*9 (E.D. Tex. Apr. 25, 2018) (discussing the effect that plaintiff's compliance with a mandatory or permissive forum selection clause has on a subsequent 12(b)(3) motion from the defendant).

As to the Defendants' failure-to-state-a-claim argument, for most of Le-Vel's claims, the Defendants only list out the elements and state that Le-Vel insufficiently pleads certain elements for the claim. After reviewing Le-Vel's petition and response to the Motion, the Court finds that Le-Vel has pleaded plausible claims for each of its asserted claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." (citation omitted)). The Court therefore **DENIES** the Motion to dismiss for failure to state a claim.

The Court turns lastly to the Texas Citizens Participation Act ("TCPA"). The Fifth Circuit has not yet decided whether the TCPA, which is state law, applies in federal court. *Diamond Consortium, Inc. v. Hammervold*, 733 F. App'x 151, 154 n.3 (5th Cir. 2018) ("[W]e follow previous panels in assuming without deciding that [the TCPA] applies in federal court."). This Court need not discuss the merits of the Defendants' TCPA argument in this Order. In accordance with other courts in this District, and finding their analysis sound, the Court concludes that the TCPA does not apply in federal court because it is either procedural in nature, or at least directly conflicts with the Federal Rules of Civil Procedure. *See O'Gara v. Binkley*, Civ. Action No. 3:18-CV-2603-B, 2019 WL 1864099, at *3–*6 (N.D. Tex. Apr. 24, 2019) (Boyle, J.); *Sw. Airlines Co. v. Roundpipe, LLC*, Civ. Action No. 3:18-CV-0033-G, 2019 WL 1315896, at *7–*9 (N.D. Tex. Mar. 22, 2019) (Fish, J.); *William Noble Rare Jewels, L.P. v. Sky Glob. L.L.C.*, Civ. Action No. 3:18-CV-01566-N, 2019 WL 935954, at *1–*2 (N.D. Tex. Feb. 25, 2019) (Godbey, J.). The Court therefore **DENIES** the Motion to dismiss on TCPA grounds.

IV. **Conclusion**

Because Le-Vel fails to make a *prima facie* showing of general or specific jurisdiction over QSciences, the Court **GRANTS** the Motion to dismiss for lack of

16

personal jurisdiction as to QSciences and **DISMISSES WITHOUT PREJUDICE** all claims against QSciences. Because Le-Vel makes a *prima facie* showing of specific jurisdiction over the Promoter Defendants, the Court **DENIES** the Motion to dismiss for lack of personal jurisdiction as to the Promoter Defendants. Because venue is not improper, Le-Vel pleads plausible claims, and the Court finds that the TCPA does not apply in federal court, the Court **DENIES** the Motion to dismiss on all other grounds asserted by the Defendants.

**SO ORDERED.**

Signed June 24th, 2019.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE