IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LE-VEL BRANDS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 3:18-cv-03322-K |
| | § | |
| **QUINTESSENTIAL BIOSCIENCES, INC.** | § | |
| **D/B/A QSCIENCES, JAIME TETRAULT,** | § | |
| **MEGAN BAKER, AND NIKKI VOILES,** | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT

Plaintiff Le-Vel Brands, LLC ("Le-Vel" or "Plaintiff") and Defendants Jaime Tetrault, Megan Baker and Nikki Voiles (collectively "Defendants"), through counsel and pursuant to the Court's Order [Doc. 60], submit the following Joint Status Report.

1. A brief statement of the claims and defenses.

   **Plaintiff:**

   Le-Vel has valid, existing contracts with its Promoters to exclusively sell and market Le-Vel's products. The Defendants failed, and continue to fail, to comply with their contractual obligations to Le-Vel as described in the Promoter Agreement by soliciting Le-Vel's customers and Promoters, defaming and disparaging Le-Vel, and recruiting Le-Vel's customers and Promoters. The Defendants' breaches of contract have caused Le-Vel general and specific damages.

   Defendants, with knowledge of Le-Vel's contractual relationships with its Promoters, has willfully and intentionally interfered with Le-Vel's contracts by soliciting Promoters and making defamatory and disparaging statements about Le-Vel, its business, financial condition, market share, products, and officers in an attempt to induce the Promoters to leave Le-Vel and/or take their business to a competing health and wellness direct sales company. Defendants' interference has proximately caused, and continues to cause, damage, injury, loss, or harm to Le-Vel.

   There is a reasonable probability that Le-Vel would continue to enter into business relationships with numerous third parties to sell, market, and/or purchase its products. Indeed, Le-Vel built and developed a trusted brand that enhances the health and wellness of its customers and provides an opportunity for its Promoters to develop a rewarding and profitable business. Defendants have, with the intent to interfere and disrupt Le-Vel's

business relationships or at least with knowledge that such disruption was substantially certain to occur, made false statements that defame and disparage Le-Vel, its business, financial condition, market share, products, and officers in an attempt to divert potential customers and Promoters away from Le-Vel.

**Defendant:**

Defendants deny the claims asserted against them because the claims are preempted by the Texas Business and Commerce Code § 15.52, the contract alleged is unsigned and unenforceable, Plaintiff has not suffered any harm by way of Defendants' actions, Plaintiff has failed to mitigate its alleged damages, if any, Plaintiff's claims are barred by its unclean hands, its fraud in the inducement and fraud by omission. Plaintiff's claims are further barred by the doctrines of estoppel, lack of consideration, ambiguity and illegality.

2. Proposed time limit to file motions for leave to join other parties: **June 26, 2020**

3. Proposed time limit to amend pleadings: **June 26, 2020**

4. Proposed time limit to file various types of motions, including dispositive motions. The Court prefers the deadline for dispositive motions to be 120 days before trial.: **November 20, 2020**

5. Proposed time limit for initial designation of experts by **August 21, 2020**

6. Proposed time limit for responsive designations of experts by **September 21, 2020**

7. Proposed time limit for objections to experts (i.e. *Daubert* and similar motions): **November 5, 2020**

8. Proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues:

    a. The parties propose a discovery deadline of **October 21, 2020**

    b. The parties anticipate needing oral and written fact discovery regarding the merits of Plaintiff's claims, the factual circumstances surrounding the allegations contained in Plaintiff's Complaint, alleged damages, Defendants' liability, and Defendants' affirmative defenses.

    c. The parties do not believe discovery should be conducted in phases and do not request any discovery limitations beyond those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

9. What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:

    The parties do not request any limitations beyond those set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

10. Proposed trial date, estimated number of days required for trial, and whether a jury has been properly demanded (The parties should note that the Court operates a three-week docket beginning the first Monday of each month. Therefore, the parties should propose a trial date which corresponds with the first Monday of the agreed upon month.):

    The Parties propose a trial date of **April 5, 2021** and estimate that trial will last 2 days. Plaintiff has demanded a trial by jury.

11. Proposed date for further settlement negotiations: **July 17, 2020**

12. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:

    The Parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) on or before **March 20, 2020**.

13. Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge:

    The Parties do not consent to a trial before a United States Magistrate Judge.

14. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective, and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case:

    If a resolution is to be reached in this litigation between the Parties, the Parties are hopeful that they can resolve their disputes without the need for scheduled mediation.

15. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial:

    None at this time.

16. Whether a conference with the Court is desired and the reasons for requesting a conference:

    The Parties do not request a conference.

17. Any other matters relevant to the status and disposition of the case, including any other orders that should be entered by the Court under Fed. R. Civ. P. 16(b), 16(c), and 26(c):

The Parties anticipate they will require entry of a Protective Order for documents deemed confidential based on the following: trade secrets, proprietary documents, or other confidential subject matters. The Parties will confer regarding the proposed Protective Order and will jointly submit a proposed Protective Order to the Court.

Respectfully submitted,

| **SHAPIRO BIEGING BARBER OTTESON, LLP** | **SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC** |
|---|---|
| /s/ Kevin T. Schutte | /s/ Leslye E. Moseley |
| Kevin T. Schutte, TX Bar No. 24033050 | David R. Clouston, TX Bar No. 00787253 |
| William P. Dunne III, TX Bar No. 24097631 | Leslye E. Moseley, TX Bar No. 24044557 |
| 5430 Lyndon B. Johnson Freeway, Suite 1540 | 900 Jackson Street, Suite 440 |
| Dallas, Texas 75240 | Dallas, Texas 75202 |
| Telephone: (214) 377-0149 | Telephone: (214) 741-3001 |
| kschutte@sbbolaw.com | Facsimile: (214) 741-3098 |
| wdunne@sbbolaw.com | dclouston@sessions.legal |
| | lmoseley@sessions.legal |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Northern District of Texas and served via CM/ECF upon all counsel of record.

/s/ Kevin T. Schutte
Kevin T. Schutte
